UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA DRESSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3294-PLC |
| | ) | |
| RAVE Q. MASON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Linda Dressel's application to proceed in the district court without prepaying fees or costs. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will be granted, and the filing fee waived. In addition, the Court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that complaints filed by self-represented litigants may be merely conclusory. Even self-represented litigants are required to allege facts in the complaint which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff's case arises out of a car accident during a police chase in downtown St. Louis, Missouri, on March 25, 2011. Based on the complaint in plaintiff's underlying state court actions, plaintiff was driving her vehicle westbound on Locust Street through the intersection at Fifteenth Street, when she was hit by a vehicle that was fleeing police. The vehicle that hit plaintiff was being driven by defendant Rave Mason, but had been rented from defendant Enterprise by defendant LaShonda Bobbitt. Mr. Mason was fleeing defendant Police Officer Willie Haymore of the St. Louis Metropolitan Police Department.

On March 24, 2016, in the Circuit Court of St. Louis City, plaintiff filed a civil action against defendants Rave Mason, St. Louis Metropolitan Police Department, St. Louis Board of Police Commissioners, the St. Louis American Cab Company, Ean Holdings LLC, Enterprise Leasing Company of STL LLC, Enterprise Holdings Inc., Lashonda Bobbitt, Willie Haymore, and National Security Fire and Casualty. *Dressel v. Mason*, No. 1622-CC00734 (22nd Jud. Cir. Mar. 24, 2016) ("*Dressel I*").[1] Plaintiff was represented by attorney Thomas E. Schwartz. On March 25, 2016, one day after filing suit, defendant voluntarily dismissed the suit without prejudice under Missouri Supreme Court Rule 67.02 and "pursuant to saving statute one year to refile from the voluntary dismissal file date of 3/25/16." *Id.* (filed Mar. 25, 2016).

A dismissal pursuant Missouri Supreme Court Rule 67.02 is a form of nonsuit. According to Missouri Revised Statute § 516.230, the savings statute, plaintiff could refile her action within one year after the nonsuit without running afoul of the five-year statute of limitations. "A nonsuit is a term broadly applied to a variety of terminations of an action which do not adjudicate issues on the merits. Thus, where refiling of a lawsuit would otherwise be barred by an applicable statute of limitations, the savings statute allows the lawsuit to be refiled within one year of the nonsuit." *Zinke v. Orskog*, 422 S.W.3d 422, 425 (Mo. Ct. App. 2013) (internal citation and quotations omitted); *see also Molder v. Trammell Crow Servs., Inc.*, 309 S.W.3d 837, 842 (Mo. Ct. App.

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2010) (holding that a nonsuit begin the running of a one-year grace period provided in the savings statute, so that re-filing within one year of the dismissal is within the statute of limitations).

On March 17, 2017, within the one-year savings statute period, plaintiff refiled her lawsuit in the Circuit Court for the City of St. Louis, this time represented by attorney William Meehan. She filed an amended petition on May 4, 2017. *See Dressel v. Mason*, No. 1722-CC00804 (22nd Jud. Cir. filed May 4, 2017) ("*Dressel II*"). In her amended petition, plaintiff dropped her § 1983 claim against defendant Officer Haymore and brought her suit in six counts against twelve defendants. She did not include any federal claims under 42 U.S.C. § 1983.[2] Based on the underlying record, the Circuit Court dismissed various defendants after various settlements. On April 9, 2018, the Circuit Court granted the motions to dismiss of Officer Willie Haymore and the St. Louis Board of Police Commissioners. *Id.* (filed Apr. 9, 2018) (dismissing Counts II and III). And on July 17, 2018, the state court entered a "Final Court Order and Judgment," stating in full:

> This matter comes before the Court for trial and for hearing on [pro se] plaintiff's motion for new trial, plaintiff's motion for new trial/rescind/demand, plaintiff's motion for judge to rejoin necessary parties to case, and addendum to plaintiff's Matson for new trial/rescind. Plaintiff also requested a continuance of trial, which is denied.
>
> All pending motions of plaintiff are denied. All previously entered orders/judgments dismissing defendants with prejudice stand. Defendants Bobbitt and Mason only are dismissed without prejudice. This action is now dismissed in its entirety. Costs taxed to plaintiff.

---

[2] Plaintiff's amended complaint alleged the following: Count I, negligence versus defendant Mason; Count II, negligence versus defendant St. Louis Metropolitan Police Department; Count III, negligence versus defendant Haymore; Count IV, negligence against defendant St. Louis American Cab Company; Count V, negligent entrustment of a motor vehicle against defendants Enterprise and Bobbitt; Count VI, negligence for underinsured driver against National Fire and Casualty Company.

        SO ORDERED AND ADJUDGED

        /s/ Steven R. Ohmer

*Id.* (filed Jul. 17, 2018).

On March 7, 2019, the Missouri Court of Appeals, Eastern District, granted plaintiff leave to file a late notice of appeal, stating that plaintiff shall file such notice of appeal by March 22, 2019 in the Circuit Court. *Dressel v. Mason*, No. ED107593 (Mo. Ct. App. Mar. 7 2019). Plaintiff represented herself on her appeal and had many problems timely filing the record and various documents. *Id.* Finally, however, on December 4, 2019, the Missouri Court of Appeals dismissed plaintiff's appeal for failure to file a brief in accordance with the Court's order. Subsequently, the Missouri Appellate Court denied plaintiff's motion to reconsider and, on December 23, 2019, denied plaintiff's motion for transfer to the Missouri Supreme Court.

After the Missouri Court of Appeals dismissed plaintiff's appeal, she filed the instant action under 42 U.S.C. § 1983 against all the same state court defendants, plus her state court attorney, William Meehan. In her statement of her claim, she states in full:

    1.    What happened to you?  Accident
    2.    When did it happen?  March 25, 2011
    3.    Where did it happen?  15th and Locust St. Louis City, MO
    4.    What injuries did you suffer?  Brain bleed, pelvis, ribs, knee
    5.    What did each defendant personally do, or fail to do, to harm you?
Negligence by police officer et al. in a wrongful police pursuit. W/o prejudice bench trial order wrongful application of statute of limitations (5 yrs – not 3 yrs). No immunity when the officer acted with deliberate indifference to or reckless disregard of the person's right to life, and personal security.
Judge refusal recusal
Fraud—attorneys and defendants in settlement—conflicts of interest

For relief, plaintiff seeks than more than $75,000 in damages for pain and suffering, lost wages, and punitive damages.

## Discussion

First, as a threshold issue, plaintiff's complaint fails to state a claim for which relief can be granted because her allegations are entirely conclusory. Although civil rights pleadings should be construed liberally, at the very least, the complaint must contain facts which state a claim as a matter of law. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Like the complaint in *Ashcroft v. Iqbal*, plaintiff's allegations in the instant complaint are conclusory. *Ashcroft v. Iqbal*, 556 U.S. at 678. For example, plaintiff states that she was in an accident, that the police were negligent in a wrongful pursuit, and deliberately indifferent to her rights. Plaintiff's legal conclusions are not supported by any factual content from which the Court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* She has named fourteen separate defendants and has not asserted any factual allegations against any particular defendant. Because there are no non-conclusory allegations that defendants violated plaintiff's constitutional rights, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

To the extent plaintiff can be understood to be alleging negligence against defendants arising out of her car accident on March 25, 2011, these issues were already settled or decided against her in the Missouri state court. *See Dressel II*. Under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to revisit these allegations. "The basic theory of the *Rooker-Feldman* doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Sci.*, 601 F.3d 750, 754 (8th Cir. 2010) (internal quotations omitted). The doctrine is "confined to cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced." *Id.*

> Litigants can choose whether to pursue . . . claims in state or federal court. Once a party has litigated in state court, however, he cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a [section] 1983 action. In other words, if a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again. He must follow the appellate procedure through the state courts and seek review before the Supreme Court.

*Id.* at 754-55 (quoting *Prince v. Ark. Bd. Exam'rs in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004) (internal citations and quotations omitted)); *see also Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997).

Plaintiff has followed Missouri's state court procedures through the circuit and appellate courts and sought review before the Missouri Supreme Court. She chose to pursue these claims in Missouri state court and cannot circumvent *Rooker-Feldman* by recasting her state court case as a federal action. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) ("If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication."). Liberally construed, plaintiff's claims here are inextricably intertwined with the state court judgments and the federal district courts lack subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Additionally, to the extent plaintiff seeks to bring allegations under 42 U.S.C. § 1983 against these fourteen defendants, her allegations are barred by the statute of limitations. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute

of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's allegations arise out of an accident that occurred on March 25, 2011; the statute to limitations ran on these claims on March 25, 2016, and she did not file this action until December 18, 2019.[3] Liberally construed, to the extent plaintiff seeks to bring §1983 action against any of the fourteen defendants, these claims will be dismissed as time barred.

For these reasons, self-represented plaintiff Linda Dressel's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

---

[3] Plaintiff's § 1983 action against defendant Police Officer Haymore would be tolled during the fourteen months it was pending before the Missouri state court in *Dressel I* and *Dressel II*, March 24, 2016 through May 4, 2017. This tolling does not change the determination that her § 1983 suit was time barred as to defendant Haymore on December 18, 2019.

A separate Order of Dismissal will be entered herewith.

Dated this 9th day of July, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE